IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ARTHUR PIERRE-ANTOINE,** *Pro Se*,   *

      Plaintiff,   *

v.   *   Civil No. **PJM 12-2710**

**ORKIN EXTERMINATION CO., INC.,**   *

      Defendant.   *

## MEMORANDUM OPINION

Arthur Pierre-Antoine, *pro se*, has sued ORKIN Extermination Co., Inc. ("Orkin"), his former employer, alleging a Hostile Work Environment in violation of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* [Paper No. 1]. Orkin has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that Pierre-Antoine's Complaint was filed one day late and is thus time-barred. [Paper No. 10]. For the following reasons, the Motion is **DENIED**.

### I.

Pierre-Antoine worked for Orkin as a pest technician from March 3, 2009, until he quit his position on February 3, 2011. Pierre-Antoine claims he quit his position due to continued harassment from his branch manager, Steven Kulp. He alleges that Kulp made racist and homophobic comments to him that resulted in a hostile work environment and that Orkin failed to enforce its own policy by not taking action after Kulp's derogatory comments and jokes were reported to management.

After quitting his job, Pierre-Antoine filed charges with the EEOC against Orkin on June 11, 2011. The EEOC mailed Pierre-Antoine his notice of right to sue letter on June 12, 2012. [Paper No. 1-3]. In his Complaint, Pierre-Antoine wrote that he received his right to sue letter on

the same date that the EEOC mailed it to him, i.e. June 12, 2012. [Paper No. 1 at 5]. On September 11, 2012, he filed the instant action against Orkin. In response, Orkin filed this Motion to Dismiss alleging that Pierre-Antoine's Complaint was untimely under Title VII because it was filed ninety-one days after June 12, 2012. *See* 42 U.S.C. § 2000e-5(f)(1). Pierre-Antoine says he mistakenly gave June 12 as the date he received the right to sue letter, which he now claims was actually received on June 15, 2012.

## II.

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, the Court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id.* There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The factual allegations must state a claim for relief that is plausible, meaning they must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

Though a plaintiff proceeding without a lawyer is held to a less stringent standard than a plaintiff with a lawyer, no plaintiff is exempt from the requirement that a complaint contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of [a] cause of action." *Twombly*, 550 U.S. at 555; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.

Under Title VII, a claimant must file suit within ninety days after receipt of an EEOC right to sue letter. 42 U.S.C. § 2000e-5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S.

147, 149-50 (1984). The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). The Fourth Circuit has held that the ninety-day filing deadline is to be strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed ninety-one days after receipt was untimely). However, the limitations period does not begin to run until "the EEOC's decision is received at the employee's residence." *Taylor v. U.S. Postal Serv.*, No. 88-3990, 1990 WL 86310, at *1 (4th Cir. June 1, 1990) (citing *Harvey*, 813 F.2d at 652).

The Court accepts Pierre-Antoine's statement that he erred in writing that he received the EEOC right to sue letter on the same day that the EEOC mailed it. Such an occurrence would be highly unlikely to have happened. Furthermore, courts generally allow one to three days for receipt of the EEOC letter before tolling the statute of limitations. *See, e.g., Harvey*, 813 F.2d at 652 (starting to toll the limitations period on the date that the plaintiff's wife received the EEOC letter, which was one day after the EEOC mailing date); *Brandford v. Shannon-Baum Signs, Inc.*, Civ. No. RDB-11-00836, 2012 WL 3542604, at *2 n.4 (D. Md. Aug. 15, 2012) (finding it reasonable that it took two days for the plaintiff to receive his EEOC right to sue letter and thus the limitations period did not start tolling until that date); *De Guzman v. NIH Fed. Credit Union*, Civ. No. PJM 08-3213, 2009 WL 2228397, at *2 (D. Md. July 23, 2009) (Messitte, J.) ("When the receipt date of a right-to-sue letter is disputed, the receipt date is presumed to be three days after the letter was mailed."). Because the ninety-day filing period does not start tolling until the letter is received and because it is entirely plausible that Pierre-Antoine received the EEOC right to sue letter on June 15, 2012, his filing was timely. He may therefore submit an Amended Complaint with the correct EEOC receipt date.[1]

---

[1] Orkin cites to *New Amsterdam Cas. Co. v. Waller* in its Reply for the proposition that all "judicial admission[s are] . . . absolutely binding" and thus Pierre-Antoine cannot change his EEOC receipt date.

IV.

For the foregoing reasons, the Court **DENIES** Orkin's Motion to Dismiss [Paper No. 10]. Pierre-Antoine is **DIRECTED** to submit an Amended Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, with the correct EEOC receipt date, and Orkin shall thereafter file an Answer.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT COURT

April 15, 2013

---

See 323 F.2d 20, 24 (4th Cir. 1963); [Paper No. 17 at 1]. In *New Amsterdam*, two sentences after the part Orkin chose to quote, the court goes on to say that "a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission." *Id.* Furthermore, in the Fourth Circuit, there is a "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). As for allowing the filing of Amended Complaints, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427 (internal quotation marks omitted). Because there has been no showing of bad faith, futility, or undue prejudice, Pierre-Antoine is allowed to submit an Amended Complaint with the correct EEOC receipt date pursuant to Rule 15 of the Federal Rule of Civil Procedure.